**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MICHAEL CLARKSON,

                        Plaintiff,

vs.                                                           Case No.  3:12-cv-893-J-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                        Defendant.
_____/

**<u>OPINION AND ORDER</u>**[1]

**I.  Status**

Michael Clarkson ("Plaintiff") is appealing the Commissioner of the Social Security

Administration's final decision denying his claim for disability insurance benefits ("DIB").  His

alleged inability to work is due to "neck and spine problems." Transcript of Administrative

Proceedings (Doc. No. 8; "Tr."), filed November 20, 2012, at 40.  On December 5, 2005,

Plaintiff filed an application for DIB, alleging an onset disability date of June 28, 2005.  Tr.

at 42-44.   Plaintiff's claim was denied initially, Tr. at 34-35, and was denied upon

reconsideration, Tr. at 38-39.   On February 5, 2008, a hearing was held before an

Administrative Law Judge ("ALJ"), during which Plaintiff and a vocational expert ("VE")

testified.  Tr. at 334-66.  At the time of the hearing, Plaintiff was forty-five (45) years old.  Tr.

at 337.  The ALJ issued an unfavorable decision on March 26, 2008.  Tr. at 11-23.  The

Appeals Council thereafter accepted some additional evidence, Tr. at 7, but denied Plaintiff's

---

[1]          The parties consented to the exercise of jurisdiction by a United States Magistrate
Judge. <u>See</u> Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 10), filed
November 26, 2012; Reference Order (Doc. No. 11), entered November 27, 2012.

request for review on May 7, 2010, Tr. at 4-6, thereby making the ALJ's March 26, 2008 Decision the final decision of the Commissioner.

On July 1, 2010, Plaintiff initiated an action in this Court under 42 U.S.C. § 405(g) appealing the Commissioner's final decision. See Complaint (Doc. No. 1), Clarkson v. Astrue, No. 3:10-cv-567-J-JBT (M.D. Fla.). This Court reversed the Commissioner's final decision and remanded the case to the Commissioner for further proceedings. See Order (Doc. No. 22), No. 3:10-cv-567-J-JBT, entered May 3, 2011; Judgment (Doc. No. 23), No. 3:10-cv-567-J-JBT, entered May 3, 2011. The Court instructed the Commissioner to take the following action on remand: "consider and accord proper weight to all medical opinions of record"; "further develop the record, if appropriate"; reevaluate Plaintiff's [residual functional capacity] assessment and determine what types of work, if any, Plaintiff can perform"; and "conduct any further proceedings deemed appropriate." Order (Doc. No. 22), No. 3:10-cv-567-J-JBT (M.D. Fla.), at 23.

On June 28, 2011, the Appeals Council entered an Order remanding the matter to the ALJ for further proceedings. Tr. at 414. The ALJ held a second hearing on November 15, 2011, during which the ALJ heard testimony from Plaintiff. Tr. at 604-30. At the time of the November 15, 2011 hearing, Plaintiff was forty-nine (49) years old. Tr. at 611. The ALJ continued the hearing so that he could obtain "an orthopedic medical expert" who could provide "a little more specific information as it relates to the medical." Tr. at 628.

On March 15, 2012, the hearing reconvened. Tr. at 631-70. During the March 15, 2012 hearing, the ALJ heard additional testimony from Plaintiff, Tr. at 634-37, as well as testimony from Dr. Peter Mark Schosheim, a board certified orthopaedic surgeon ("Dr.

-2-

Schosheim"), Tr. at 637-58,[2] and a VE, Tr. at 658-69.  On April 6, 2012, the ALJ issued an unfavorable Decision.  Tr. at 370-85.  From that Decision, Plaintiff now appeals to this Court. See Complaint (Doc. No. 1), filed August 8, 2012.

Plaintiff advances four (4) arguments on appeal: 1) the ALJ "fail[ed] to accord proper weight to the Plaintiff's treating sources"; 2) the ALJ "erred by improperly assessing Plaintiff's Residual Functional Capacity"; 3) the ALJ erred when he "offered Plaintiff an onset date" and then subsequently determined Plaintiff was not disabled at any time; and 4) "the denial [of benefits] is not based upon substantial evidence and is violative of this Court's May 3, 2011 Order."  Plaintiff's Memorandum of Law in Opposition to the Commissioner's Denial of Benefits (Doc. No. 15; "Pl.'s Mem."), filed February 21, 2013, at 8-10 (emphasis and capitalization omitted).[3]  On May 23, 2013, Defendant filed a memorandum responding to Plaintiff's arguments.  See Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem.").  After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons explained herein.

---

[2]       There is a duplicate of the March 15, 2012 transcript that only includes the testimony of Plaintiff and Dr. Schosheim. Tr. at 578-603. For purposes of this Opinion and Order, the undersigned cites to the complete transcript found at Tr. at 631-70.

[3]       The undersigned notes that on the first page of Plaintiff's Memorandum, he lists five (5) arguments. See Pl.'s Mem. at 1. The argument section, however, only contains the four (4) arguments as outlined above. See id. at 8-11.

## **II.  The ALJ's Decision**

When determining whether an individual is disabled,[4] an ALJ must follow the five-step

sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining

as appropriate whether the claimant (1) is currently employed or engaging in substantial

gainful activity; (2) has a severe impairment; (3) has an impairment or combination of

impairments that meets or medically equals one listed in the Regulations; (4) can perform

past relevant work; and (5) retains the ability to perform any work in the national economy.

20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th

Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five,

the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry.  See Tr. at 372-84.  At step

one, the ALJ observed that Plaintiff "did not engage in substantial gainful activity during the

period from his alleged onset date of June 28, 2005 through his date last insured of June 30,

2011."  Tr. at 372 (emphasis and citation omitted).  At step two, the ALJ found that through

the date last insured, Plaintiff suffered from "the following severe impairments: disorders of

the spine, disorders of the shoulder, disorders of the hip, and polysubstance abuse."  Tr. at

372 (emphasis and citation omitted).  At step three, the ALJ ascertained that Plaintiff, through

the date last insured, "did not have an impairment or combination of impairments that met

or medically equaled the severity of one of the listed impairments in 20 CFR Part 404,

---

⁴        "Disability" is defined in the Social Security Act as the "inability to engage in any
substantial gainful activity by reason of any medically determinable physical or mental impairment which
can be expected to result in death or which has lasted or can be expected to last for a continuous period
of not less than 12 months[.]"   42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Subpart P, Appendix 1." Tr. at 373 (emphasis and citation omitted). The ALJ determined

Plaintiff had the following residual functional capacity ("RFC") through the date last insured:

> [Plaintiff could] perform a restricted range of light work as defined in 20 CFR [§] 404.1567(b). [Plaintiff] is capable of: frequently and occasionally lifting/carrying ten pounds. [Plaintiff] needs the option to sit or stand. [Plaintiff] should avoid ladders, unprotected heights, and heavy, moving machinery. He is limited to occasionally bending, balancing, stooping, kneeling, crouching, squatting, and crawling. He should avoid extreme wetness, cold, or vibration. [Plaintiff] requires the use of a monocane for ambulation. He should avoid the operation of foot controls and overhead reaching. [Plaintiff] needs a low stress work environment with no production lines and simple tasks.

Tr. at 374 (emphasis omitted). At step four, the ALJ found through the date last insured,

Plaintiff "was unable to perform any past relevant work" as a "heavy equipment operator."

Tr. at 383 (emphasis and citation omitted from first quotation). At step five, after

"considering [Plaintiff's] age, education, work experience, and [RFC]," the ALJ determined

that "there were jobs that existed in significant numbers in the national economy that

[Plaintiff] could have performed," Tr. at 383 (emphasis and citations omitted), such as

"Ticket Taker," "Parking Lot Cashier," "Information Clerk," "Order Clerk," and "Addressor,"

Tr. at 384. The ALJ concluded that Plaintiff "was not under a disability . . . at any time from

June 28, 2005, the alleged onset date, through June 30, 2011, the date last insured." Tr.

at 384 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42

U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions

of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ."

Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d

1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## **IV. Discussion**

As noted above, Plaintiff raises four (4) issues. The first, second, and fourth issues are addressed together, as they all deal with the weight assigned by the ALJ to the opinions of Plaintiff's treating physicians[5] and to the opinion of the medical expert who testified at the March 15, 2012 hearing. The third issue is addressed separately.

---

[5] A treating physician is a physician who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition. See 20 C.F.R. § 404.1502.

### A. Opinions of Treating Physicians and Medical Expert

Plaintiff argues that "[t]he ALJ erred as a matter of law when he failed to accord significant weight to the medical opinions of" Plaintiff's treating sources: Calvin H. Hudson, M.D., P.A. ("Dr. Hudson"), Russell H. Sachs, M.D. ("Dr. Sachs"), and Shirley Hartman, M.D., P.A. ("Dr. Hartman"). Pl.'s Mem. at 9. Plaintiff also argues that it was error for the ALJ to assign significant weight to the opinion of Dr. Schosheim, the medical expert who testified at the March 15, 2012 hearing.[6] See id. at 9, 11.

The Regulations instruct ALJs how to properly weigh the medical opinions[7] of treating physicians. See 20 C.F.R. § 404.1527(c). Because treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," a treating physician's medical opinion is to be afforded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. Id. When a treating physician's medical opinion is not due controlling weight, the ALJ must determine the appropriate weight it should be given by considering factors such as the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, as well as the supportability of the opinion, its consistency with the other evidence, and the specialization of the physician. Id.

---

[6]     Dr. Schosheim's testimony is found at Tr. at 637-58.

[7]     "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); see also 20 C.F.R. § 404.1513(a) (defining "[a]cceptable medical sources").

If an ALJ concludes the medical opinion of a treating physician should be given less than substantial or considerable weight, he or she must clearly articulate reasons showing "good cause" for discounting it. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists when (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or inconsistent with the treating physician's own medical records. Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991); Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987) (stating that a treating physician's medical opinion may be discounted when it is not accompanied by objective medical evidence). The ALJ must "state with particularity the weight he [or she] gave the different medical opinions and the reasons therefor." Sharfarz v. Bowen, 825 F.2d 278, 279-80 (11th Cir. 1987); see also Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440.

The ALJ thoroughly summarized the treatment notes and/or opinions of Drs. Hudson, Sachs, and Hartman, as well as the testimony and opinion of Dr. Schosheim. Tr. at 376, 378, 379-82. The ALJ specifically delineated the weight assigned to each opinion, and he provided reasons for assigning such weight. Tr. at 381-82.

As to Dr. Hudson, the ALJ assigned "little weight to Dr. Hudson[']s limitations because they were based upon a single examination and [Plaintiff's] subjective complaints." Tr. at 382; see Tr. at 376 (referring to Tr. at 96-98 (physical capacity evaluation form completed by Dr. Hudson on June 28, 2005), 100 (Dr. Hudson's June 28, 2005 treatment note summarizing, inter alia, Plaintiff's subjective complaints)). The ALJ concluded that "Dr. Hudson[']s ultimate opinion that [Plaintiff] is capable of performing work is not consistent

-8-

with his given limitations of sitting, standing, and walking for only two hours of an eight hour workday."  Tr. at 382 (referring to Tr. at 96-98); see Tr. at 96.  Finally, the ALJ determined that "Dr. Hudson[']s limitations were not consistent with [Plaintiff's] work performance."  Tr. at 382; see Tr. at 375-76 (summarizing Plaintiff's certified earnings record for 2005 and 2006).

The ALJ also assigned "little weight" to the opinion of Dr. Sachs.  Tr. at 382.  The ALJ found that "Dr. Sachs[']s opinion is inconsistent with his treatment records that show minimal physical findings[,] . . . [and] no evidence of neurological or strength deficits."  Tr. at 382; see Tr. at 376 (citing Tr. at 105-74 (Dr. Sachs's treatment notes and medication prescriptions for Plaintiff dated December 3, 2003 through December 2, 2005); 188-95 (Dr. Sachs's treatment notes and medication prescriptions for Plaintiff dated December 30, 2005 through January 30, 2006)).[8]

As to Dr. Hartman, the ALJ assigned "little weight" to her opinion that Plaintiff cannot work.  Tr. at 382.  The ALJ noted that Dr. Hartman did not order any diagnostic imaging, in spite of Plaintiff reporting lower back pain.[9]  Tr. at 378; see generally Tr. at 293-96, 298-310,

---

[8]      In discounting both Drs. Hudson and Sachs, the ALJ also noted that their respective "opinions were given in 2005, prior to CT imaging performed on [Plaintiff's] lumbar spine."  Tr. at 382. Earlier in the ALJ's Decision, while discussing Dr. Schosheim's testimony, the ALJ summarized the findings of a 2007 CT scan as showing "mild to moderate degenerative changes in the cervical spine above and below the fusion."  Tr. at 379.  Additionally, the ALJ noted that "a CT scan of the lumbar spine show[ed] a mild disc protrusion at L5-S1, with nerve root compromise."  Tr. at 379-80.  According to the ALJ, "[h]owever, Dr. Schosheim testified there are no other diagnostic studies to correlate [Plaintiff's] pain that he alleges he has suffered with since 2005."  Tr. at 380.

[9]      It does appear from the record that Dr. Hartman ordered an MRI of Plaintiff's right shoulder without contrast.  Tr. at 297.  The MRI was conducted on January 18, 2008.  Tr. at 297.  Dr. Hartman's handwritten note to Plaintiff indicates that there seems to "be a little bursitis in the shoulder that may cause a little pain."  Tr. at 297.  Dr. Hartman opined that "most of the shoulder pain is from nerve impingement from [Plaintiff's] neck."  Tr. at 297.

332-33, 461-85, 490-555, 557-77 (treatment notes and medical opinions of Dr. Hartman dated September 11, 2007 through November 18, 2011).   The opinions given by Dr. Hartman in a RFC questionnaire were based upon Plaintiff's subjective reports "rather than from any physical abnormalities that would be revealed from medically acceptable laboratory or diagnostic testing."  Tr. at 378 (citing Tr. at 462-549); see Tr. at 382.  Plaintiff reported to Dr. Hartman increased physical activity, but in a RFC form completed on May 27, 2011, Dr. Hartman indicated "a significant decrease in [Plaintiff's] assessed functional limitations." Tr. at 378 (citing Tr. at 550-52); see Tr. at 382.  Thus, according to the ALJ, Dr. Hartman's opinion that Plaintiff cannot work "is not consistent with the overall evidence including diagnostic testing and her own treatment records."  Tr. at 382.

Regarding Dr. Schosheim, the ALJ assigned "great weight" to his opinion testimony. Tr. at 381.  The ALJ did so after summarizing in detail Dr. Schosheim's testimony.  Tr. at 379-81; see Tr. at 637-58 (Dr. Schosheim's opinion testimony).   The ALJ found "Dr. Schosheim[']s testimony that [Plaintiff] is physically capable of working is consistent with the overall evidence of record including the opinions of [Plaintiff's] treating physician Dr. Hudson and the state agency consultants. "  Tr. at 381 (citing Tr. at 95-103, 221-34, 262-75).  The ALJ further found that "Dr. Schosheim[']s opinion and limitations are consistent with the medical evidence which lacks strength or reflex deficits or sensory changes in [Plaintiff's] neck or back." Tr. at 381.  Moreover, concluded the ALJ, "Dr. Schosheim[']s opinion is also consistent with [Plaintiff's] work activity after the onset date and reported activities throughout the record."  Tr. at 381.

After reviewing the entirety of the record before this Court, the undersigned finds that the ALJ properly discounted the opinions of Drs. Hudson, Sachs, and Hartman.[10] The ALJ's reasoning for discounting those opinions amounts to the requisite "good cause" and is supported by substantial evidence.  The undersigned also finds that the ALJ did not err in the weight assigned to the testimony and opinion of Dr. Schosheim.  From these findings, the undersigned concludes that the ALJ's  RFC assessment, that was based in large part on Dr. Schosheim's testimony and opinion, was properly formed.  It follows that the ALJ did not violate this Court's May 3, 2011 Order, as the ALJ appropriately evaluated the medical opinions of record.  In sum, the ALJ's Decision is supported by substantial evidence.

### B.  ALJ's Offer of An Amended Onset Date

Plaintiff claims that the ALJ erred by offering him an onset date later than the one alleged by Plaintiff and then by subsequently finding Plaintiff not disabled. Pl.'s Mem. at 9-10.  "Plaintiff contends that the ALJ's offer of an alleged onset date constituted an acknowledgment that Plaintiff is disabled." Id. at 10.  Plaintiff further argues "that because of [Plaintiff's] refusal to accept the amended onset date, the ALJ retaliated by calling a medical expert, [and by] using that medical expert's testimony improperly to deny [Plaintiff's] claim in toto." Id.  Plaintiff cites to the transcript of the November 15, 2011 hearing in support of his argument, but Plaintiff does not cite to any legal authority or case law. See id. at 9-10.

---

[10]    One of the ALJ's reasons for discounting Dr. Hartman's opinion is that she did not order any diagnostic imagining despite Plaintiff's complaints of lower back pain.  Dr. Hartman did, however, order an MRI of Plaintiff's right shoulder.  Even taking away this reason, the ALJ's other reasons for discounting Dr. Hartman's opinion are supported by substantial evidence and amount to the requisite good cause.

Adjudicators for administrative agencies are generally presumed to be unbiased and honest, and to have integrity. Schweiker v. McClure, 456 U.S. 188, 195-96 (1982); Withrow v. Larkin, 421 U.S. 35, 47 (1975).  The burden of showing otherwise rests with the party making the assertion. Schweiker, 456 U.S. at 196.  Plaintiff has not carried his burden with respect to this issue.  Plaintiff relies solely on his own interpretation of the ALJ's statements made at the November 15, 2011 hearing.  A review of the transcripts from the November 15, 2011 and the March 12, 2012 hearings reflects that Plaintiff was afforded a full and fair opportunity to address his claim.  Plaintiff's argument with respect to this issue does not show error on behalf of the ALJ.

## V.  Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence.  Accordingly, it is

**ORDERED**:

1.      The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision.

2.      The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on September 18, 2013.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

jlk
Copies to:
Counsel of Record